UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK L. SMITH                CIVIL ACTION

VERSUS                                     NO:  07-1081-MVL-SS

UNITED STATES AND UNITED
STATES DEPARTMENT OF LABOR

## REPORT AND RECOMMENDATION

The plaintiff, LeRoy, a/k/a Derek L. Smith ("LeRoy"), seeks to file a complaint in proper person and in forma pauperis against the United States and United States Department of Labor (collectively referred to as the "Labor Department").  He seeks an order requiring the Labor Department to comply with the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  LeRoy alleges that on February 6, 2007, he provided the Labor Department with a request for a copy of the contract between it and the State of Louisiana for job training for entry level positions in the hospitality industry which was administered by Minact, Inc. ("Minact").  He alleges that he did not receive a response within the time permitted.[1]

---

[1] Since then LeRoy has filed at least seventeen actions in the Eastern District of Louisiana and at least ten actions in the Middle District of Louisiana.  In addition to the instant action, the actions in the Eastern District are:

*McSmith v. Equal Employment Opportunity Commission,* 06-3426-HGB.  LeRoy filed a request for an order enjoining P&J from conducting any further operations on the grounds that it violated Title VII of the Civil Rights Act.

*McSmith v. Stor-All New Orleans, Inc.*, 06-4501-KDE.  LeRoy alleges that the defendant terminated his lease on a storage unit and seized his property without proper notice.

*McSmith v. Blackwater, Inc.*, 06-4601-HGB.  Leroy alleges that the defendant denied him access to a New Orleans public library.  In an amended complaint additional defendants, including the U.S. Marshal's Service, are alleged to have conducted an illegal search at the federal courthouse in Baton Rouge.

---

*McSmith v. Kurt D. Engelhardt*, 06-5363-HGB. LeRoy alleges that District Judge Engelhardt failed to address his motion for emergency relief in 06-4501.

*McSmith v. Sarah S. Vance*, 06-5365-SRD. LeRoy alleges that District Judge Vance denied LeRoy due process and the right to appear at a hearing on his motion for injunctive relief in 06-3426.

*McSmith v. United States*, 06-5618-AJM. LeRoy alleges that the complaint and summons in 06-4501 were not timely served by the United States Marshal's Service.

*McSmith v. United States*, 06-8673-LMA. LeRoy alleges that the United States Postal Service did not give him a refund for a certified mail charge that he paid.

*McSmith v. State of Louisiana*, 06-8903-MLCF. LeRoy alleges that the Louisiana Department of Public Safety refused to accept his mailing containing a request for a permit for a concealed firearm.

*McSmith v. Piper Griffin*, 06-9828-LMA. LeRoy complains of the rulings by a state court judge in his dispute with Stor-All.

*McSmith v. Bruce J. McConduit*, 06-9968-EEF. LeRoy complains of rulings by a state court judge, actions by the United States Marshal's Service, and rulings by the undersigned and District Judges Feldman and Africk.

*McSmith v. Chelsey Napoleon*, 06-10517-MLCF. LeRoy was denied copies by the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

*McSmith v. Madeline M. Landrieu*, 06-10832-LMA. LeRoy complains of actions by a state court judge.

*McSmith v. Loretta Whyte*, 06-10833-JCZ. LeRoy alleges that the Clerk for this Court did not enter a default a judgment in 06-4601.

*McSmith v. U.S. Department of Housing and Urban Development*, 06-10903-HGB. LeRoy complains of discrimination in the rental of a housing unit in Baton Rouge.

*McSmith v. Eric Baehr*, 06-11200-CJB. LeRoy alleges that Baehr and other members of the United States Marshal's Service improperly issued him a summons for blocking the entrance to a public passage.

*McSmith v. U.S. Marshal's Service*, 06-11379-HGB. LeRoy alleges that: (a) U.S. Marshal engaged in unprofessional conduct; (b) an employee of the United States Postal Service failed to deliver his birth certificate; (c) Louisiana and Minact, Inc. committed fraud in administering a sate program; and (d) District Judge Berrigan acted improperly as to some of his complaints filed in this Court.

*McSmith v. Wayne Parker*, 07-0054-SRD. LeRoy alleges that Parker, an employee of the Eastern District Clerk's Office, should not inform him of deficiencies in his pleadings when he attempts to file them.

*McSmith v. Alma L. Chasez*, 07-656-MLCF. LeRoy seeks to enjoin Magistrate Judge Chasez of this Court from issuing any decisions in any matter in which he is involved. Magistrate Judge Wilkinson of this Court issued a report and recommendation that: (1) LeRoy's complaint be dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2); (2) the Clerk be ordered not to accept any further filings from LeRoy unless the pleading is accompanied by an order granting him leave to file; and (3) the Clerk be ordered not to accept any future initial civil

Because LeRoy seeks to proceed in forma pauperis in this action, his complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD

"A federal court may dismiss a claim in forma pauperis if satisfied that the action is frivolous or malicious." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citations and quotation marks omitted). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Marcias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989)). An in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

## BACKGROUND

In "McSmith v. United States Marshal's Service," 06-11379-HGB, Leroy filed an amended complaint and joined the Department of Labor and Minact as defendants. 06-11379 at Rec. doc. 6. He attached to the amended complaint a flyer promoting an educational program to prepare participants for entry level positions in the hospitality industry. Id. at p. 10. Also attached was a letter, dated January 22, 2007, from Minact to LeRoy, reporting that he was not eligible for

---

pleadings of any kind from LeRoy unless accompanied by advance written permission of a District Judge of this Court. Rec. doc. 2 in 07-656.

participation in the program. The letter referred to the contract between Minact and "The Region 1 Workforce Partnership" and quoted the following:

> Participant eligibility is defined as a person that was living in a disaster area due to Hurricanes Katrina and Rita prior to the storms, is a U.S. citizen or legally able to work in the United States, and if applicable, meets the requirements of Selective Service. Any person not meeting these requirements and/or not able to produce necessary documentation will not be enrolled in the program, and PARISH will not assume any costs associated with training.

Id. at p. 11. LeRoy alleged that the promotional material contained the eligibility requirements for the program. He contends that the eligibility requirements described in the January 22, 2007 letter are different from those found in the flyer. He reports that his request for a copy of the Minact contract was refused. He alleges that: (1) he cleared the criminal background check and tested negative for the drug and alcohol tests; (2) he began the program on January 16, 2007; (3) the January 22, 2007 letter was produced in order to deny him the benefits of the program; and (4) he is entitled to damages of $1,000 per day for fraud relating to the administration of the Minact contract. Id. at pp. 8-9.

LeRoy's FOIA request bears the Roman numeral, "I XXV MMVII" (1-25-2007). He alleges it was provided to the Department of Labor on February 6, 2007. The letter requests a copy of the contract between the Department of Labor and Louisiana "for job training for entry level positions in the hospitality industry being administered by Minact, Inc." The letter states:

> I request a waiver of all fees for this request because it is likely to contribute significantly to the public understanding of the benefits that clients are to receive along with the requirements and objectives of the job training program and is not primarily in my commercial interest.
>
> The information will be disseminated by me to individuals who are arriving to the facility for training who do not know what the full entitlements of the program are.

See letter attached to complaint in 07-1081-MVL.  The letter also requests expedited consideration of the request.  Pursuant to 5 U.S.C. § 552(a)(4)(A)(i), each agency is required to promulgate regulations specifying the schedule of fees for the processing of FOIA requests.

> Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

5 U.S.C. § 552(a)(4)(A)(iii).  If an agency fails to make a timely response to a FOIA request, the person making the request is deemed to have exhausted his administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).  The district court in which the complainant resides may order production of the records in cases where the agency withheld the records from production.  5 U.S.C. § 552(a)(4)(B).

As has occurred so often since July 2006, LeRoy had an encounter with a government official or a contractor for a government agency and a lawsuit resulted.  In "McSmith v. United States Marshal's Service," 06-11379-HGB, LeRoy seeks to recover damages of $1,000 per day for fraud relating to the administration of the Minact contract.  He alleges that his request for a copy of the Minact contract was refused.  Within a few days of the date of the Minact letter reporting that LeRoy was not eligible for participation in the hospitality training program, he prepared his FOIA request to the Department of Labor for the contract.  In order to avoid paying the fee required for a copy of the contract, he states that disclosure of the information is in the public interest and is not primarily in his commercial interest.

The statement that the disclosure of the contract is not primarily in his commercial interest

is clearly without merit. The request is directly related to his complaint in 06-11379-HGB for damages of $1,000 per day. The request that the Department of Labor provide LeRoy with a copy of the contract at no charge is wholly dependent on the statement that it is not primarily in his commercial interest. Because the damage claim in 06-11379-HGB demonstrates LeRoy's commercial interest in the contract, his complaint for an order requiring the Department of Labor to produce the contract lacks an arguable basis in fact and is frivolous.

## RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that LeRoy's complaint be DISMISSED WITH PREJUDICE as legally frivolous under 28 U.S.C. § 1915(e)(2).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 7th day of March, 2007.

SALLY SHUSHAN
United States Magistrate Judge