UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY a/k/a DEREK L. SMITH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-1081-MVL-SS** |
| **UNITED STATES AND UNITED STATES DEPARTMENT OF LABOR** | |

## REPORT AND RECOMMENDATION

On April 18, 2007, the District Judge referred the amended complaint of the plaintiff, LeRoy, a/k/a Derek L. Smith ("LeRoy"), for consideration. Rec. doc. 14. For the reasons described below, it is recommended that LeRoy's amended complaint be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2). It is also recommended that the Clerk of Court be ordered not to accept any future amended complaint from Leroy a/k/a Derek L. McSmith in any proceeding initiated by him unless the amended complaint is accompanied by advance written permission of a District Judge of this Court granting him leave to file the pleading.

PROCEDURAL BACKGROUND

On February 26, 2007, LeRoy filed a complaint in proper person and in forma pauperis against the United States and United States Department of Labor (collectively referred to as the "Labor Department"), seeking an order requiring the Labor Department to comply with the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On March 7, 2007, it was recommended that his complaint be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2). Rec. doc. 5. On March 22, 2007, LeRoy filed an objection. Rec. doc. 6.

On April 10, 2007, District Judge Feldman issued an order in 07-656 in "LeRoy a/k/a Derek

L. McSmith v. Alma L. Chasez," 07-656-MLCF, which: (1) dismissed LeRoy's complaint in 07-656 as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2); (2) ordered the Clerk will not accept any further filings in 07-656 unless accompanied by an order granting him leave to file; and (3) directed the Clerk not to accept any future initial civil pleadings of any kind from LeRoy unless accompanied by advance written permission of a District Judge of this Court. Rec. doc. 6 in 07-656.

On April 13, 2007, LeRoy filed the amended complaint in the instant action. On April 16, 2007, District Judge Lemmon adopted the report and recommendation in the instant action and dismissed LeRoy's complaint with prejudice. Rec. doc. 13.

## ORIGINAL AND AMENDED COMPLAINTS

In the original complaint, LeRoy alleges that on February 6, 2007, he provided the Labor Department with a request for a copy of the contract between it and the State of Louisiana for job training for entry level positions in the hospitality industry which was administered by Minact, Inc. He alleges that he did not receive a response within the time permitted by the FOIA.[1]

---

[1] Since then LeRoy has filed at least seventeen actions in the Eastern District of Louisiana and at least ten actions in the Middle District of Louisiana. In addition to the instant action, the actions in the Eastern District are:

*McSmith v. Equal Employment Opportunity Commission*, 06-3426-HGB. LeRoy filed a request for an order enjoining P&J from conducting any further operations on the grounds that it violated Title VII of the Civil Rights Act. A judgment was entered in favor of P&J dismissing LeRoy's complaint with prejudice. Rec. docs. 56 and 57.

*McSmith v. Stor-All New Orleans, Inc.*, 06-4501-KDE. LeRoy alleges that the defendant terminated his lease on a storage unit and seized his property without proper notice.

*McSmith v. Blackwater, Inc.*, 06-4601-HGB. LeRoy alleges that the defendant denied him access to a New Orleans public library. In an amended complaint additional defendants, including the U.S. Marshal's Service, are alleged to have conducted an illegal search at the federal courthouse in Baton Rouge. The District Judge adopted the Magistrate Judge's report and recommendation and dismissed Blackwater Lodge & Training Center, Inc. d/b/a with prejudice. Rec. doc. 34. .

*McSmith v. Kurt D. Engelhardt*, 06-5363-HGB. LeRoy alleges that District Judge Engelhardt failed to address his

---

motion for emergency relief in 06-4501. On November 28, 2006, judgment was entered in favor of the defendant. Rec. doc. 7.

*McSmith v. Sarah S. Vance*, 06-5365-SRD. LeRoy alleges that District Judge Vance denied LeRoy due process and the right to appear at a hearing on his motion for injunctive relief in 06-3426. On March 5, 2007, judgment was entered in favor of the defendant. Rec. doc. 11.

*McSmith v. United States*, 06-5618-AJM. LeRoy alleges that the complaint and summons in 06-4501 were not timely served by the United States Marshal's Service. On October 13, 2006, LeRoy dismissed his complaint with prejudice. Rec. doc. 6.

*McSmith v. United States*, 06-8673-LMA. LeRoy alleges that the United States Postal Service did not give him a refund for a certified mail charge that he paid. On November 20, 2006, judgment was entered in favor of the defendants. Rec. doc. 6. On March 16, 2006, the Fifth Circuit dismissed his appeal. Rec. doc. 17.

*McSmith v. State of Louisiana*, 06-8903-MLCF. LeRoy alleges that the Louisiana Department of Public Safety refused to accept his mailing containing a request for a permit for a concealed firearm. On January 12, 2007, defendant's motion to dismiss was granted as unopposed. Rec. doc. 17.

*McSmith v. Piper Griffin*, 06-9828-LMA. LeRoy complains of the rulings by a state court judge in his dispute with Stor-All. On February 12, 2007, LeRoy's complaint against the defendant was dismissed. Rec. doc. 24.

*McSmith v. Bruce J. McConduit*, 06-9968-EEF. LeRoy complains of rulings by a state court judge, actions by the United States Marshal's Service, and rulings by the undersigned and District Judges Feldman and Africk. On March 2, 2007, LeRoy's complaint was dismissed with prejudice. Rec. doc. 29.

*McSmith v. Chelsey Napoleon*, 06-10517-MLCF. LeRoy alleges that he was denied copies by the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

*McSmith v. Madeline M. Landrieu*, 06-10832-LMA. LeRoy complains of actions by a state court judge.

*McSmith v. Loretta Whyte*, 06-10833-JCZ. LeRoy alleges that the Clerk did not enter a default a judgment in 06-4601.

*McSmith v. U.S. Department of Housing and Urban Development*, 06-10903-HGB. LeRoy complains of discrimination in the rental of a housing unit in Baton Rouge. On April 17, 2007, the claims against one of the defendants, Clerk of Court Whyte, was dismissed with prejudice. Rec. doc. 31.

*McSmith v. Eric Baehr*, 06-11200-CJB. LeRoy alleges that Baehr and other members of the United States Marshal's Service improperly issued a summons to him for blocking the entrance to a public passage.

*McSmith v. U.S. Marshal's Service*, 06-11379-HGB. LeRoy alleges that: (a) a U.S. Marshal engaged in unprofessional conduct; (b) an employee of the United States Postal Service failed to deliver his birth certificate; (c) Louisiana and Minact, Inc. committed fraud in administering a sate program; and (d) District Judge Berrigan acted improperly as to some of his complaints filed in this Court.

*McSmith v. Wayne Parker*, 07-0054-SRD. LeRoy alleges that Parker, an employee of the Eastern District Clerk's Office, should not inform him of deficiencies in his pleadings when he attempts to file them. On March 5, 2007, LeRoy's complaint was dismissed with prejudice as legally and factually frivolous. Rec. doc. 8.

*McSmith v. Alma L. Chasez*, 07-656-MLCF. LeRoy seeks to enjoin Magistrate Judge Chasez from issuing any decisions

In the amended complaint Tulane University and Lori Jahnke are named as defendants.  LeRoy alleges that on Thursday, March 29, 2007, and during the Tulane law library's hours of restricted access, Ms. Jahnke denied him entry to the library and its government publications.  He alleges that this was the fourth time she denied access to him to the facility.  He alleges that when he was granted access to the library, he was "interrogated" as to what project he was working on and why he was coming to the library.  LeRoy seeks an order requiring Tulane and Ms. Jahnke to comply with the law applicable to federal depository libraries or, in the alternative to have the Tulane law library removed from the list of depository libraries.

The original complaint and the amended complaint are unrelated.  The defendants, the causes of action, the remedies sought and the subject matter are all different.  In 07-656 District Judge Feldman ordered that the Clerk will not accept any future <u>initial</u> civil pleadings from LeRoy unless the pleading is accompanied by advance written permission of a District Judge of this Court granting him permission to file the pleading.  Whether LeRoy acted intentionally is not clear, yet, by filing an amended complaint in this action against unrelated defendants on an unrelated cause of action, LeRoy has avoided the effect of District Judge Feldman's order.  It will be recommended that the Clerk be directed to not accept any future <u>amended</u> complaint from LeRoy unless the pleading is accompanied by advance written permission of a District Judge of this Court granting him leave to filed the pleading.

---

in any matter in which he is involved.  On April 10, 2007, the District Judge adopted Magistrate Judge Wilkinson's report and recommendation and ordered that: (1) LeRoy's complaint be dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2); (2) the Clerk will not accept any further filings in this action unless accompanied by an order granting him leave to file; and (3) the Clerk will not accept any future initial civil pleadings of any kind from LeRoy unless accompanied by advance written permission of a District Judge of this Court.  Rec. doc. 6 in 07-656.

*McSmith v. Louisiana State and Regional Transit Authority*, 07-1213-ILRL.  LeRoy seeks an order requiring the defendants to provide restrooms on buses used on the Louisiana Swift route from Baton Rouge to New Orleans.

## LEGAL STANDARD

"A federal court may dismiss a claim in forma pauperis if satisfied that the action is frivolous or malicious." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citations and quotation marks omitted). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998). The law "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Marcias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989)). An in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

## ANALYSIS

Pursuant to 44 U.S.C. § 1905, publications of the United States Government selected from lists prepared by the Superintendent of Documents shall be distributed to depository libraries.

> (a) Upon the request of any accredited law school, the Public Printer shall designate the library of such law school as a depository library. The Public Printer may not make such designation unless he determines that the library involved meets the requirements of this chapter. . . .
>
> (b) For purposes of this section, the term "accredited law school" means any law school which is accredited by a nationally recognized accrediting agency or association approved by the Commissioner of Education for such purpose or accredited by the highest appellate court of the State in which the law school is located.

44 U.S.C. § 1916. When the Superintendent of Documents determines that a depository library fails to meet certain requirements, including accessibility to the public, he shall delete the library from the list of depository libraries if the condition is not corrected within six months. Id.

Tulane's web site describes the regular law library hours as Monday through Friday from 7:30 a.m. to midnight and Saturday and Sunday from 9:00 a.m. to midnight.  On Saturdays and Sundays, and after 9:00 p.m. during the week, the library is only open to members of the Law School community, including law students, faculty and alumni.  Since the law library is a depository for federal government publications, any patron needing to use the materials can gain access to the library for that purpose during restricted hours by calling the number provided.  LeRoy's complaint is only concerned with his access to the government publications during the law library's hours of restricted access.

LeRoy alleges that on four occasions from March 2006 through March 2007, Tulane and Ms. Jahnke denied him access to the library during the hours of restricted access.  He acknowledges that he was allowed access to the library during its restricted hours on other occasions, but he was questioned as to what he was working on and why he was coming to the library.  Rec. doc. 10.

LeRoy's complaint does not demonstrate any violation of the statutes cited by him.  Tulane's law library is a depository library in accord with 44 U.S.C. § 1916.  During weekdays from 7:30 a.m until 9:00 p.m. LeRoy has unrestricted access to the library and its government publications.  He received access to the library during its restricted hours of operation after it was determined that he sought access to the library for the purpose of making use of the federal government publications.  On four occasions he was denied access during restricted hours.  These minimal restrictions on LeRoy's access to the federal government publications at the Tulane law library do not violate any provision of Title 44, Chapter 13 Depository Library Program.  <u>See</u> 44 U.S.C. 1901-1916.  Because LeRoy's amended complaint does not allege any violation of federal law, his amended complaint lacks an arguable basis in law or fact and is frivolous.

RECOMMENDATION

For the foregoing reasons, it is RECOMMENDED that LeRoy's amended complaint be DISMISSED WITH PREJUDICE as legally frivolous under 28 U.S.C. § 1915(e)(2).

IT IS FURTHER RECOMMENDED that the Clerk of Court be ordered not to accept any future amended complaint from Leroy a/k/a Derek L. McSmith in any proceeding initiated by him unless the amended complaint is accompanied by advance written permission of a District Judge of this Court granting him leave to file the pleading.

OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  23rd   day of April, 2007.

                                                **SALLY SHUSHAN**
                                         **United States Magistrate Judge**

cc:  District Judge Lemmon