UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEROY a/k/a DEREK L. MCSMITH** | * | **CIVIL ACTION NO. 07-1081** |
|     Plaintiff | | |
| | * | SECTION "S" |
| **Versus** | | |
| | * | DIVISION "1" |
| **U.S., ET AL.** | | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' CONSOLIDATED 12(b) MOTION TO DISMISS**

**NOW INTO COURT,** through undersigned counsel, come Defendants, The Administrators of the Tulane Educational Fund ("Tulane") and Lori Jahnke, who offer this memorandum in support of their motion to dismiss. For the reasons that follow, the Court should grant Defendants' Consolidated 12(b) Motion to Dismiss.

**Summary of Argument**

Plaintiff, Leroy aka Derek L. McSmith, has a long history of filing frivolous lawsuits. In fact, Plaintiff has been enjoined from filing any lawsuits in the United States District Court for the Eastern District of Louisiana. *See McSmith v. Alma L. Chasez*, Case No. 07-656 (E.D. La.) (P-6). In the instant suit, the Honorable Magistrate Judge Shushan has already recommended that Plaintiff's amended complaint against Tulane and Lori Jahnke be dismissed with prejudice as legally frivolous. The Court has not yet acted

upon the recommendation, however, and Tulane and Lori Jahnke are therefore compelled to respond to Plaintiff's meritless lawsuit.

Plaintiff alleges that on four occasions from March 2006 through March 2007, Tulane and Ms. Jahnke denied him access to the Tulane University Law School library during hours of restricted access in violation of federal statutes. As Magistrate Shushan has already recognized, however, the "complaint does not demonstrate any violation of the statutes cited" by Plaintiff. Moreover, the statutes cited by Plaintiff do not grant him a private right of action against Tulane or Lori Jahnke. Accordingly, the case should be dismissed for failure to state a claim upon which relief can be granted.

Furthermore, even if Plaintiff had alleged a viable federal claim against Tulane for limiting access to its law library, no such claim could exist against Lori Jahnke, who merely acted in the course and scope of her employment with Tulane when she is alleged to have denied Plaintiff access to Tulane's law library. Additionally, Tulane was never properly served with process and the court therefore lacks jurisdiction.

## Background

On February 26, 2007, Plaintiff ("LeRoy") filed a complaint in proper person and in forma pauperis against the United States and United States Department of Labor (collectively referred to as the "Labor Department"), seeking an order requiring the Labor Department to comply with the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Specifically, LeRoy alleged that on February 6, 2007, he provided the Labor Department with a request for a copy of the contract between it and the State of Louisiana for job training for entry level positions in the hospitality industry which was

administered by Minact, Inc. LeRoy alleged that he did not receive a response within the time permitted.[1]

---

[1] Since then LeRoy has filed at least seventeen actions in the Eastern District of Louisiana and at least ten actions in the Middle District of Louisiana. In addition to the instant action, the actions in the Eastern District are:

*McSmith v. Equal Employment Opportunity Commission,* 06-3426-HGB. LeRoy filed a request for an order enjoining P&J from conducting any further operations on the grounds that it violated Title VII of the Civil Rights Act.

*McSmith v. Stor-All New Orleans, Inc.*, 06-4501-KDE. LeRoy alleges that the defendant terminated his lease on a storage unit and seized his property without proper notice.

*McSmith v. Blackwater, Inc.*, 06-4601-HGB. Leroy alleges that the defendant denied him access to a New Orleans public library. In an amended complaint additional defendants, including the U.S. Marshal's Service, are alleged to have conducted an illegal search at the federal courthouse in Baton Rouge.

*McSmith v. Kurt D. Engelhardt*, 06-5363-HGB. LeRoy alleges that District Judge Engelhardt failed to address his motion for emergency relief in 06-4501.

*McSmith v. Sarah S. Vance*, 06-5365-SRD. LeRoy alleges that District Judge Vance denied LeRoy due process and the right to appear at a hearing on his motion for injunctive relief in 06-3426.

*McSmith v. United States*, 06-5618-AJM. LeRoy alleges that the complaint and summons in 06-4501 were not timely served by the United States Marshal's Service.

*McSmith v. United States*, 06-8673-LMA. LeRoy alleges that the United States Postal Service did not give him a refund for a certified mail charge that he paid.

*McSmith v. State of Louisiana*, 06-8903-MLCF. LeRoy alleges that the Louisiana Department of Public Safety refused to accept his mailing containing a request for a permit for a concealed firearm.

*McSmith v. Piper Griffin*, 06-9828-LMA. LeRoy complains of the rulings by a state court judge in his dispute with Stor-All.

*McSmith v. Bruce J. McConduit*, 06-9968-EEF. LeRoy complains of rulings by a state court judge, actions by the United States Marshal's Service, and rulings by the undersigned and District Judges Feldman and Africk.

*McSmith v. Chelsey Napoleon*, 06-10517-MLCF. LeRoy was denied copies by the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

*McSmith v. Madeline M. Landrieu*, 06-10832-LMA. LeRoy complains of actions by a state court judge.

*McSmith v. Loretta Whyte*, 06-10833-JCZ. LeRoy alleges that the Clerk for this Court did not enter a default a judgment in 06-4601.

On March 7, 2007, Magistrate Shushan recommended that LeRoy's original complaint be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2), and on April 16, 2007, an order was entered adopting Magistrate Shushan's recommendation and dismissing the instant action.  Three days prior to entry of the order dismissing this case, however, on April 13, 2007, LeRoy filed an amended complaint naming Tulane and Lori Jahnke as defendants in the instant suit.  The original complaint and the amended complaint are unrelated.  *See* April 23, 2007 Report and Recommendation at p. 4.  "The defendants, the causes of action, the remedies sought and the subject matter are all different."  *Id.*

In the amended complaint, LeRoy alleges Ms. Jahnke violated federal law by denying him entry to the Tulane law library on Thursday, March 29, 2007, during the library's hours of restricted access.  Leroy further alleges that this was the fourth time

---

*McSmith v. U.S. Department of Housing and Urban Development*, 06-10903-HGB.  LeRoy complains of discrimination in the rental of a housing unit in Baton Rouge.

*McSmith v. Eric Baehr*, 06-11200-CJB.  LeRoy alleges that Baehr and other members of the United States Marshal's Service improperly issued him a summons for blocking the entrance to a public passage.

*McSmith v. U.S. Marshal's Service*, 06-11379-HGB.  LeRoy alleges that: (a) U.S. Marshal engaged in unprofessional conduct; (b) an employee of the United States Postal Service failed to deliver his birth certificate; (c) Louisiana and Minact, Inc. committed fraud in administering a sate program; and (d) District Judge Berrigan acted improperly as to some of his complaints filed in this Court.

*McSmith v. Wayne Parker*, 07-0054-SRD.  LeRoy alleges that Parker, an employee of the Eastern District Clerk's Office, should not inform him of deficiencies in his pleadings when he attempts to file them.

*McSmith v. Alma L. Chasez*, 07-656-MLCF.  LeRoy seeks to enjoin Magistrate Judge Chasez of this Court from issuing any decisions in any matter in which he is involved. Magistrate Judge Wilkinson of this Court issued a report and recommendation that: (1) LeRoy's complaint be dismissed as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2); (2) the Clerk be ordered not to accept any further filings from LeRoy unless the pleading is accompanied by an order granting him leave to file; and (3) the Clerk be ordered not to accept any future initial civil pleadings of any kind from LeRoy unless accompanied by advance written permission of a District Judge of this Court.
Rec. doc. 2 in 07-656.

Ms. Jahnke denied him access to the facility and that he has been "interrogated" on other occasions as to what project he was working on and why he was coming to the library. LeRoy apparently believes that the actions of Tulane and Ms. Jahnke constitute violations of Chapter 19 of Title 44 of the United States Code (the "Depository Library Program").

On April 23, 2007, Magistrate Shushan issued a Report and Recommendation recommending dismissal of LeRoy's amended complaint stating: "LeRoy's complaint does not demonstrate any violation of the statutes cited by him."  *See* April 23, 2007 Report and Recommendation at p. 6.  The Court has not yet ruled upon Magistrate Shushan's recommendation.

## **Law and Argument**

Plaintiff's case should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted because Plaintiff has not alleged a violation of the statute(s) relied upon for his claims and, in any event, Plaintiff relies upon a section of the United States Code that does not grant him a private right of action. Additionally, Plaintiff has improperly asserted a claim against Lori Jahnke individually. Ms. Jahnke was acting in the course and scope of her employment with Tulane when she allegedly denied LeRoy access to the Tulane law library, so no independent right of action against her can be maintained.  LeRoy's amended complaint should also be dismissed with respect to Tulane because Tulane has not been properly served with either a summons or a copy of amended complaint.

**A.     Plaintiff has not stated a violation of the statutes relied upon by him in his amended complaint and his claims are therefore frivolous.**

In the instant action, Plaintiff purports to rely upon 44 U.S.C. § 1905 *et seq.*, the Depository Library Program, in support of his claims against Tulane and Lori Jahnke. The Depository Library Program sets forth administrative guidelines and procedure to be followed by the Superintendent of Documents in circulating United States Government publications to libraries around the U.S. so that the public at large will have access to Government documents. The Depository Library Program provides that, when the Superintendent of Documents determines that a depository library fails to meet certain requirements, including accessibility to the public, he shall delete the library from the list of depository libraries if the condition is not corrected within six months. 44 U.S.C. § 1916.

The Depository Library Program affords LeRoy no cause of against Tulane or Lori Jahnke. If any suit could be maintained, it would clearly need to be filed against the Superintendent of Documents. In any event, LeRoy does not allege that Tulane's law library is inaccessible to the public. Rather, LeRoy alleges that on four occasions from March 2006 through March 2007, Tulane and Ms. Jahnke denied him access to the library **during the hours of restricted access**. Therefore, LeRoy's amended complaint does not demonstrate any violation of the Depository Library Program.

As Magistrate Shushan correctly stated:

> "A federal court may dismiss a claim in forma pauperis if satisfied that the action is frivolous or malicious." Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citations and quotation marks omitted). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157

> F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Marcias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989)). An in forma pauperis complaint which fails to state a claim may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).
>
> \*\*\*
>
> Tulane's law library is a depository library in accord with 44 U.S.C. § 1916. During weekdays from 7:30 a.m until 9:00 p.m. LeRoy has unrestricted access to the library and its government publications. He received access to the library during its restricted hours of operation after it was determined that he sought access to the library for the purpose of making use of the federal government publications. On four occasions he was denied access during restricted hours. These minimal restrictions on LeRoy's access to the federal government publications at the Tulane law library do not violate any provision of Title 44, Chapter 13 Depository Library Program. *See* 44 U.S.C. 1901-1916. Because LeRoy's amended complaint does not allege any violation of federal law, his amended complaint lacks an arguable basis in law or fact and is frivolous.

Accordingly, LeRoy's amended complaint should be dismissed with prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2).

**B.      The federal statutes relied upon by Plaintiff do not grant him a private right of action against either Tulane or Lori Jahnke.**

It is clear in this case that the Depository Library Program does not grant LeRoy a private right of action against Tulane or Lori Jahnke. In *Cort v. Ash,* 422 U.S. 66 (1975), the Supreme Court laid out a four factor analysis to determine when a federal statute gives rise to an implied private right of action. These factors include: (1) whether the plaintiff is one of a class for whose special benefit the statute was enacted; (2) whether there is an indication of legislative intent to create or deny such a remedy; (3) whether

such a remedy would be consistent with the underlying legislative purpose; and (4) whether the cause of action is one traditionally relegated to state law so that it would be inappropriate to infer a cause of action based solely on federal law. *Id.* at 78; s*ee also Till v. Unifirst Fed. Sav. & Loan Ass'n,* 653 F.2d 152, 157 (5th Cir.1981).

The language of the Depository Library Program contains no suggestion that Congress intended to grant a private right of action. Indeed, the statutes govern only the conduct of the Superintendent of Documents. Moreover, granting a private right of action would be inconsistent with the underlying purpose of the program, which is to place Government publications in local libraries. The program is not designed to interfere with private property rights.

Additionally, even if Plaintiff could assert a viable federal claim against Tulane, which he clearly cannot, Plaintiff's claims against Lori Jahnke would remain inappropriate. Ms. Jahnke was acting within the course and scope of her employment with Tulane, and in accordance with Tulane policies and rules, when she allegedly denied Plaintiff access to the Tulane law library. Therefore, no independent claim against Ms. Jahnke could exist.

C.     **Plaintiff's claims against Tulane should be dismissed for improper service.**

Tulane is a Louisiana non-profit corporation and, as such, service upon it must be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. Pro. 4(h). As is reflected in Plaintiff's Request of Summons (P-11), the instant suit was served upon Lance Query, who is

{N1666101.1}

neither an officer, managing or general agent, or other agent authorized to receive service. Accordingly, Tulane has not been properly served in this matter.

Pursuant to the Federal Rules of Civil Procedure, the Court is authorized to dismiss a civil action for insufficiency of service of process. Fed. R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.1994) ("A district court ... has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Thus, the Court should dismiss the amended complaint against Tulane for insufficiency of service of process.

## Conclusion

WHEREFORE, Tulane and Lori Jahnke respectfully request that Plaintiff's amended complaint be dismissed with prejudice.

Respectfully submitted,

____/s Joshua J. Lewis_____
JOSEPH J. LOWENTHAL, JR. (#8909)
JOSHUA J. LEWIS (#29950)
Jones, Walker, Waechter, Poitevent,
Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000
Facsimile: (504) 582-8583

Attorneys for The Administrators of the
Tulane Educational Fund and Lori Jahnke